UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMY EDWARD JACKSON,

    Plaintiff,

 v.                                Case No. 21-CV-1383

SGT. KNETZER, OFFICER EICKHOLT,
JANELLE KLEEMAN, J. SCHNEIDER,
and THE GREEN BAY POLICE DEPARTMENT,

    Defendants.

### ORDER SCREENING THE COMPLAINT

On December 6, 2021, plaintiff Tommy Edward Jackson, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) He then filed two supplemental complaints. (ECF Nos. 10, 12.) This order resolves his motion for leave to proceed without prepayment of the filing fee and considers his three complaints.

*MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE*

The Prison Litigation Reform Act (PLRA) applies to this case because Jackson was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his

case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 6, 2021, Jackson filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On December 13, 2021, the court ordered Jackson to pay an initial partial filing fee of $0.74. (ECF No. 5.) Jackson paid that fee on January 4, 2022. The court will grant Jackson's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Jackson was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure

2

12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Jackson's Three Complaints*

In addition to his original complaint, (ECF No. 1), Jackson filed two additional complaints he labeled "supplemental complaints". (ECF Nos. 10, 12.) The complaints seek to add additional details such as the date the events in the original

3

complaint occurred and names of relevant witnesses and defendants. First, Federal Rule of Civil Procedure 15(d) allows for a supplemental complaint "on motion." Jackson did not file a motion with either of his supplemental complaints.

Even if he had filed a motion, Rule 15(d) allows a plaintiff to supplement a complaint only where the supplemental complaint proposes to "set[] out any transaction, occurrence, or event that happened after the date of the [complaint] to be supplemented." Jackson's supplemental complaints do not add allegations discussing events that happened after the events in his original complaint. Instead, Jackson's supplemental complaints appear to operate more like amended complaints, wherein Jackson is attempting to add details that help clarify his claims. Complaints cannot be piecemeal, however. Instead, a complaint must be complete in itself, and a plaintiff cannot file additional complaints and simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

Accordingly, the court will give Jackson an opportunity to submit a complete amended complaint that incorporates all the allegations from his original complaint and two supplemental complaints. When writing his amended complaint, Jackson should provide the court with enough facts to answer to the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? Jackson's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court

4

and each defendant with notice of what each defendant allegedly did or did not do to violate his rights. If Jackson does not know the name of the defendant who alleged violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Jackson will have an opportunity to conduct limited discovery to determine the defendants' identity.

The court is enclosing a copy of its complaint form and instructions. Jackson must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Jackson may use up to five additional sheets of paper. As stated above, the amended complaint takes the place of the prior complaints and must be complete, without reference to his prior complaints. If Jackson does not submit an amended complaint by the specified date below, the court will screen his original complaint (ECF No. 1) and disregard and strike his supplemental complaints.

The court also notes that Jackson lists the Green Bay Police Department as a defendant. Jackson should note that under § 1983, a plaintiff may sue a "person" who, acting under the color of law, violates his constitutional rights. The Green Bay Police Department is not a person. There are some circumstances where a municipality can be sued under §1983. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). For the Green Bay Police Department, Federal Rule of Civil Procedure 17(b) states that defendants in a federal lawsuit must have the

5

legal capacity to be sued. State law determines an entity's capacity to be sued. *Webb v. Franklin County Jail*, Case No. 160cv01284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8. 2017). Under Wisconsin law, the Green Bay Police Department "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under § 1983. *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004).

Finally, the court sees that Jackson has filed several letters asking for an update on his case. Letters of this type are unnecessary and unproductive. The court has not been dilatory in screening Jackson's complaint and has not been spurred on to screen Jackson's complaint by his letters. The court has a number of other matters that require its attention, including a number of lawsuits brought by other prisoners seeking relief not unlike that sought by Jackson. He is encouraged to refrain from filing similar letters in the future.

**THEREFORE, IT IS ORDERED** that Jackson's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Jackson may file an amended complaint that complies with the instructions in this order on or before **April 11, 2022**. If Jackson files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Jackson does not file an amended complaint by the deadline, the court will screen his original complaint and strike his supplemental complaints.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Jackson a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Jackson shall collect from his institution trust account the $348.25 balance of the filing fee by collecting monthly payments from Jackson' prison trust account in an amount equal to 20% of the preceding month's income credited to Jackson' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Jackson is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Jackson is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk of Courts
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Jackson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Jackson is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Jackson' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 17th day of March, 2022.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge